# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **D.W., Jr., & S.W.**

**No. 15-0671** (Mercer County 13-JA-460 & 13-JA-461)

**FILED**

November 23, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother K.W., by counsel Gerald Linkous, appeals the Circuit Court of Mercer County's June 24, 2015, order terminating her parental rights to D.W. Jr. and S.W. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Thomas L. Fuda, filed a response on behalf of the children that supported the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2013, the DHHR filed an abuse and neglect petition alleging that D.W., Jr., and S.W. were truant from school. The petition contained additional allegations that the children were also tardy from school without excuses. The petition was later amended to include allegations of substance abuse and domestic violence.

In January of 2014, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations in the petition and to neglecting her children "by virtue of substance abuse or domestic violence." The circuit court accepted the stipulation and petitioner was adjudicated as neglecting the children. Petitioner made a motion for a post-adjudicatory improvement period which the circuit court granted. The terms of the improvement period included detoxification and long-term in-patient treatment for substance abuse, individualized parenting classes, life skills classes, and home maintenance classes. Petitioner was also ordered to submit to random substance abuse screenings at least two times per week.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

In March of 2014, the circuit court held a status hearing at which the DHHR reported that petitioner had completed applications for substance abuse detoxification treatment programs, that she had participated in all random substance abuse screenings, and that her visits with the children were going well. The circuit court extended petitioner's improvement period. Petitioner continued to comply with the terms of her improvement period until March of 2015. In March of 2015, the circuit court held a status hearing at which the DHHR reported that petitioner was not complying with the terms of her improvement period. Specifically, petitioner was not visiting the children consistently and there was no electricity at her home. The circuit court set the matter for disposition.

In June of 2015, the circuit court held a dispositional hearing[2] and noted that the case had been pending for approximately eighteen months. The DHHR reported that petitioner failed a random drug screen and tested positive for opiates and marijuana, and that she did not successfully complete any substance abuse treatment program. The DHHR reported that petitioner was not complying with in-home services, that petitioner did not have electricity in her home, and several of the windows in the home were broken or missing. The DHHR also reported that the children were bonded with petitioner. At the close of the hearing, the circuit court found that petitioner failed to comply with the terms of her improvement period. The circuit court also noted that petitioner did not have a home in which the children could safely live. The circuit court terminated petitioner's parental rights by order entered June 24, 2015. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights. While petitioner argues that the circuit court erred in terminating her parental rights because she has a positive bond with

---

[2]Because the dispositional hearing in this matter took place on May 20, 2015, the day the new version of West Virginia Code §§ 49-1-101 through 49-7-304 went into effect, the Court will apply the revised versions of those statutes on appeal.

her children, the Court finds that the circuit court properly terminated petitioner's parental rights upon a finding that she could not substantially correct the conditions of abuse and neglect. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

The circuit court specifically made this finding in regard to petitioner, based upon the evidence above of her non-compliance with the circuit court's orders and her failure to correct the conditions of abuse and neglect.

At the dispositional hearing, the circuit court was presented with sufficient evidence to make this finding as petitioner tested positive for opiates and marijuana, and did not successfully complete any substance abuse treatment program. Petitioner also failed to comply with required in-home services. Specifically, petitioner acknowledged that having a suitable home for the children was part of her parenting education classes and further testified that "we'll have a suitable home as soon as the electricity gets turned on." Evidence also established that, approximately three weeks prior to the dispositional hearing, petitioner's home had no beds for the children. The circuit court further found that petitioner did not have electricity in her home and several of the windows in the home were broken or missing, which made the home uninhabitable for the children. Based on this evidence, the circuit court correctly found that petitioner did not comply with the terms of her improvement period. The circuit court also noted that the case had been pending for approximately eighteen months and petitioner failed to make positive progress since the initiation of the abuse and neglect proceedings.

As noted above, the circuit court was presented with sufficient evidence to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that termination was necessary for the children's best interests. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings. We have also held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49–6–5(b) . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Because the circuit court was presented with sufficient evidence to find that there was no reasonable likelihood that petitioner

3

could substantially correct the conditions of abuse and neglect, termination of her parental rights to both children was not error.

For the foregoing reasons, the circuit court's June 24, 2015, termination order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II